# CHARLES S. HOCHBAUM
## ATTORNEY-AT-LAW

16 Court Street                                    30 Jericho Executive Plaza
Suite 1800                                         Suite 100
Brooklyn, NY 11241                                 Jericho, N.Y. 11753
(718) 855-4800                                     (516) 227-2111
fax: (718)855-4877                                 fax: (516) 739-2445
e-mail: crimdefend @aol.com

April 20, 2006

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: USA v Alonso
    04-cr-140

Your Honor,

    Please accept this letter in lieu of a more formal pre-sentence memorandum.

    In addition I would ask the court to view the previous submissions by prior counsel dated January 9, 2006 and February 10, 2006 and February 15, 2006 as additions to this letter and as constituting objections to the pre-sentence report. Additionally and most importantly I would request that the Court accept the letter of January 31, 2006 by the defendant as both objections to the pre-sentence report and in support of the arguments made herein.

    Having entered the case only within the last 60 days preparation of the arguments made herein have been hindered somewhat by the paucity of the records which I have in my possession.. However what is most apparent based upon the letter of the defendant and the prior plea agreements that were contained in the file of prior counsel is the lack of communication that

existed between the defendant and his prior attorney.

I have been able to ascertain that at least 3 prior plea agreements were tendered to counsel one in June of 2004, one on a later date in 2004 and one January of 2005. It is unclear even after interviews with the defendant how many of these plea agreements were discussed with the defendant and to what degree.

In June of 2004 the defendant pursuant to the tendered plea agreement was advised that the advisory guideline range was 235 months. The undated plea agreement of 2004 (counsel presumes it was offered somewhat later in 2004 ) has an advisory guideline range of 151 months presuming a plea before a certain date so as to make the defendant eligible for a third acceptance point. Additionally there was a plea offer made in January of 2005 which had an advisory guideline range of 168 months.

Not being part of the negotiations or the conversations between Mr. Alonso and prior counsel it is unclear as to the extent of the discussions and explanations between the parties. However Mr. Alonso's letter of January 31, 2006 seems to indicate a complete lack of communication between the parties and raises the question of how and when and how thoroughly these prior agreements were explained to the defendant so that we may conclude that he made a knowing and intelligent waiver of what appear to be reasonable plea offers in a case of this magnitude and severity.

Certainly during my discussions with the defendant my explanations of the impact of the new sentencing structure now in place in the District Courts and how the advisory guidelines play a role in sentencing and the impact of *Booker* and the how the standards of 18 USC Sec. 3553(a) now control the sentencing process seemed to be new information for the defendant.

Upon my review of the pre-sentence report and the guidelines calculations contained

therein the Defendant was convinced that he was now going to be sentenced to thirty years and wanted me to move to withdraw his plea. I took this as significant proof that the impact of the guidelines and the prior plea agreements were not adequately explained to the Defendant. Certainly his letter of January 31, 2006 and the importance he places on his alleged managerial role and the importance of the guideline points assessed seems to indicate a basic misunderstanding of the guidelines role in formulating a reasonable sentence under 3553(a)

Under 18 U.S.C. § 3553(a) the court shall impose a sentence sufficient, but no greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

© to protect the public from further crimes of the defendant; AND

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for:

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;

(5) any pertinent policy statement:

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States code, subject to any amendments made to such policy statements by act of Congress. . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A first step in post-*Booker* sentencing is to determine the applicable Guideline range after making such findings of fact as are necessary, as required by 18 U.S.C. §3553(a)(4). *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005). Then a court is to consider policy statements issued by the Sentencing Commission, as required § 3553(a)(5). *Id.* This applicable Guideline range is determined in the same manner as before *Booker*. Once this Guideline range is determined, the court has the duty to "consider" it along with the other factors listed in § 3553(a).

Guidelines are advisory and entitled to the same weight and not more than that accorded to each other factor that the Court is instructed to consider by § 3553(a). The statute that the Court is required to apply, does not distinguish between the weight to be given to any of the factors listed. If in fact greater weight is given to the Guidelines, the court will be committing the act that ***Booker*** forbids.

The Guidelines permit a court to grant a departure based on certain offender-specific characteristics only in "exceptional cases,". For example, age, educational and vocational skills, mental and emotional conditions, physical condition, employment record, and family ties and responsibilities are not normally relevant. . Yet these are the sort of characteristics a court is likely to find relevant when determining "the history and characteristics of the defendant" as

required by § 3553(a)(1).  Giving "heavy" weight to the Guidelines is in conflict, with § 3553(a)'s command to consider a multitude of factors. While it is harder work than automatically applying the Guidelines across-the-board, such individualized sentencing better suits the holdings of the merits majority in ***Booker.***

Under 18 U.S.C. § 3553(a), the key requirement is that the sentence in each case must be "sufficient, but not greater than necessary".

18 U.S.C. § 3662 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court... may receive and consider for the purpose of imposing an appropriate sentence." .

No only must courts consider the factors of § 3553(a), courts are no longer bound by the departure methodology of the guidelines.  Rather, a sentence outside the calculated guideline range may be justified by factors that would not have previously justified a departure from the guideline range.

Under § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant."  But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.4, his mental and emotional condition, § 5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug and alcohol dependence, § 5H1.4, he employment record, § 5H1.5, his family ties and responsibilities § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions § 5H1.11, and his lack of guidance as a youth, § 5H1.12.  The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant.   Thus, in cases in which a defendant's history and character are positive, consideration of all of the § 3553(a) factors might call for a sentence outside the

guideline range.

To treat the guidelines as presumptively correct is to concede the converse, i.e., that any sentence imposed outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors. Such an analysis would in fact make the guidelines, in effect, still mandatory. This would eliminate the type of careful analysis of the evidence that should be considered when depriving a person of his or her liberty.

The defendant pled guilty to the entire indictment. One only has to look at certain of the guideline calculations to determine that relying solely on the guidelines in determining an appropriate and reasonable sentence would be inappropriate. For example in paragraph 121 of the psr there is a two point upward adjustment for the victim (Jane doe # 5 ) being a juvenile at the time of the offense. This upward adjustment exists because Jane doe # 5 was 14 at the time of her forced involvement in the scheme. However this occurred in 1992 when the defendant was only 12 or 13 years old at a time when all will concede that the Defendant was not involved in the conspiracy. Such is the nature of the guideline calculations forced upon all of the parties by a plea to the indictment rather than a plea to any of the prior plea agreements tendered by the Government.

Regardless of the final guideline calculation that the Court must first approve and set before instituting a reasonable sentence herein it is the Defendant's contention that the Court must take into consideration the prior plea agreements. While it is understood that there are varying reasons why the Government would make plea offers early in a case that differ from those later submitted and why the Government would demand that immediately prior to trial the only acceptable plea would be to the entire indictment those prosecutorial decisions should not be the governing factor in the Court's determination as to the Defendant's sentence   Certainly it

is clear that at an earlier stage in the proceedings the Government concluded that a sentencing range of between 151 and 188 months was reasonable as set forth in the undated plea agreement offered in 2004.  In that agreement the Government (acknowledging that this is standard practice in all Eastern District plea agreements) affirmatively agreed not to seek an upward departure outside this guideline range  nor take a position as to where within that range the Court should sentence the Defendant.

It is respectfully submitted herein that in light of the difficulties that appear to have existed between prior counsel and the Defendant that a conclusion that the Defendant did not have adequate explanations and advise as to the impact of either taking the aforementioned plea or the impact of rejecting such offers that the Court could and should consider this prior plea agreement in fashioning a reasonable sentence. 18 USC Sec. 3662 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court... may receive and consider for the purpose of imposing an appropriate sentence." the defendant takes that section to mean that the Court could and should take into consideration the prior plea agreements tendered to the Defendant in fashioning a reasonable sentence herein.

Wherefore based upon all of the foregoing the Defendant, Daniel Peres Alonso respectfully requests that the Court sentence him to a ten year sentence which would adequately reflect the seriousness of the offenses herein and the defendant 's lack of a criminal record and the lesser role played in these events by the Defendant as compared to his co-defendants.

                                                Respectfully submitted

CHARLES S. HOCHBAUM